```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF VIRGINIA

                     Alexandria Division


PHILLIP COCHRAN                )
                               )
     Plaintiff,                )
                               )
          v.                   )    1:06cv1328 (JCC)
                               )
ALBERTO GONZALES, et al.,      )
                               )
     Defendants.               )
```

### **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendants' motion to dismiss. For the reasons stated below, the Court will grant Defendants' motion.

### I. Background

This case arises out of a federal employee's claim of disability discrimination pursuant to the Rehabilitation Act of 1973. 29 U.S.C. § 791. Plaintiff Phillip Cochran ("Plaintiff") is a former Deputy United States Marshall for the Western District of Texas, having served in that capacity from 1986 to 1993. Plaintiff alleges discrimination on the basis of his hearing loss in the form of constructive discharge and failure to reinstate him in his position.

In pursuing his claim, Plaintiff followed all the requisite administrative steps and received adverse decisions at each level, culminating with an appeal to the Equal Employment

-1-

Opportunity Commission's Office of Federal Operations ("OFO"), which affirmed the previous agency decision that Plaintiff was not the victim of unlawful discrimination.  This decision was issued on December 29, 2005, and informed Plaintiff that he had the right to file a civil action in federal district court within ninety (90) calendar days of receiving the decision.

Instead of filing the instant civil action upon receipt of the decision, Plaintiff requested reconsideration of the OFO's decision on January 27, 2006.  This request was rejected on March 10, 2006.  In its denial of reconsideration, the OFO stated that "the decision in EEOC Appeal No. 01A50106 [its prior affirmance of December 29, 2005] remains the Commission's final decision." Plaintiff filed the instant judicial action on June 9, 2006.

## II.  Standard of Review

In passing on a motion to dismiss, "the material allegations of the complaint are taken as admitted."  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Moreover, "the complaint is to be liberally construed in favor of plaintiff."  *Id.*  A motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8.

### III. Analysis

The issue before the Court is whether a request for reconsideration of a final agency decision defeats that decision's finality, thereby postponing the ninety-day time limit to initiate a civil action in federal district court. For the following reasons, the Court finds that the decision's finality remains unchanged by a request for reconsideration, therefore, Plaintiff's complaint will be dismissed as untimely.[1]

The EEOC regulation that governs the finality of agency decisions is 29 C.F.R. § 1614.408. Prior to 1999, that provision read:

> (b) a decision issued under paragraph (a) of this section is final within the meaning of § 1614.408 unless: (1) Either party files a timely request for reconsideration pursuant to § 1614.407; or (2) The Commission on its own motion reconsiders the case.

29 C.F.R. § 1614.405(b)(1998). Under this previous version, it is clear from the text that "when a reconsideration request is timely filed, the EEOC's decision on appeal becomes 'final' only when that request is granted or denied." *Holley v. Dep't of Veterans Affairs*, 165 F.3d 244, 247 (3d Cir. 1999)(citing 29

---

[1] In their pleadings, both parties use the word "toll" to mean the resetting of a time limit. Courts typically assume that an event that "tolls" a time limitation period simply stops the clock until the occurrence of a later event permits the clock to begin running again. *See, e.g., Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 561 (1974). The issue of whether a request for reconsideration tolls the time clock is irrelevant in this case, since even if such tolling were permitted by the governing regulation's text, such relief still would not place Plaintiff within the ninety-day time period.

C.F.R. § 1614.408 (1992)).  However, in 1999, the EEOC amended the regulation to read:

> (b) A decision issued under paragraph (a) of this section [*i.e.,* the OFO's appellate decision] is final within the meaning of § 1614.407 *unless the Commission reconsiders the case.*  A party may request reconsideration within 30 days of receipt of a decision of the Commission, which the Commission in its discretion may grant, if the party demonstrates that: (1) The appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) The decision will have a substantial impact on the policies, practices or operations of the agency.

29 C.F.R. § 1614.405(b)(2006)(emphasis added).

In the Court's opinion, this amendment is not subtle.  Before, if a party wished to postpone the finality of a decision, all that was required was a request for reconsideration.  However, the EEOC's new regulation makes clear that finality is not defeated unless the Commission *actually reconsiders* the case.  Plaintiff suggests a casual usage of the word "reconsider," arguing that, since the Commission must "reconsider" a case (in the colloquial sense) when deciding whether to grant a request for reconsideration, such a request postpones finality.

The Court disagrees with Plaintiff's interpretation, as it would render the EEOC's amendment meaningless.  To this Court, the plain meaning of the regulation's text requires several, discrete steps.  First, a party requests reconsideration.  Second, the OFO weighs the

merits of the request.  Third, the OFO either grants or denies the request.  Only in the event that the request is granted will the OFO then reconsider the case, thereby postponing its finality.  The reading of the regulation's text is supported by the comparison of the post-1999 regulation with its predecessor.  By deleting the precise language that delayed finality upon a request for reconsideration, the EEOC clearly intended to render mere requests for reconsideration irrelevant for timeliness purposes and to limit the postponement of finality only to cases where reconsideration was granted.  This Court will not torture the current text to provide otherwise.

In addition, this reading is supported by the EEOC's explanation for the amendment.  In justifying the change to the regulation, the EEOC states that:

> Reconsideration is an extra layer of review that is duplicative and time-consuming but that does little to improve the complaints process. The Commission denies the majority of requests for reconsideration, whether in procedural or merits cases. The purpose of this change is to enable the Commission to direct more resources to decision-making at the first appellate level . . . [T]his change will provide the resources to improve the timeliness and quality of the [OFO] decisions across the board. The broad availability of reconsideration has not significantly enhanced the overall decision-making process. Many requests are simply a reargument of previously unsuccessful positions. *They are sometimes used only to delay the finality of an adverse decision*. The overwhelming majority of requests are denied. . . .[t]o the extent agencies have legitimate complaints about

> erroneous [OFO] decisions, the Commission believes the principal remedy is to seek to improve the quality [,] timeliness and consistency of the decision-making process as a whole. This is best accomplished by shifting resources to the appeal stage.

*Federal Sector Equal Employment Opportunity*, 63 Fed. Reg. 8594, 8601 (Feb. 20, 1998). In recognizing that requests for consideration are overwhelmingly denied and are often used as a delay tactic, the Commission changed the regulation to shift resources away from the reconsideration stage to the initial appeal. Considering the EEOC's unambiguous intent in amending § 1614.405, the Court finds that a request for reconsideration does not postpone the decision's finality, unless such a request is granted.[2,3]

Therefore, since a request for reconsideration does not postpone the finality of the agency's decision, Plaintiff's case

---

[2] The Court realizes that its interpretation of § 1614.405 is contrary to other courts to address this issue in the context of the post-1999 amended regulation. Nevertheless, after reviewing these decisions, the Court does not find any meaningful analysis of this regulation's text or the EEOC's reasoned analysis for its amendment. Thus, the Court cannot agree that: "the 1992 regulation does not differ in any material respect from the 1999 version." *Conkle v. Potter*, 352 F.3d 1333, 1336 n.6 (10th Cir. 2003). *See also Lorenzo v. Rumsfeld*, 456 F. Supp. 2d 731, 738 (E.D. Va 2006)(stating in a footnote that "only a timely request to reopen defeats the finality of the OFO's final decision," but citing case law preceding the 1999 regulation).

[3] Also worthy of mentioning is that the OFO's denial of Plaintiff's request for reconsideration put him on notice that its previous decision of December 29, 2005 remained its final decision. In denying his request, the opinion provided: "the decision in EEOC Appeal No. 01A50106 remains the Commission's final decision." (Def.'s Ex. E). The OFO denied Plaintiff's request on March 10, 2006, when Plaintiff's 90-day window was yet to expire. Nevertheless, Plaintiff delayed and did not file this suit until several months later.

became final on December 29, 2005.  Because he did not initiate this civil action until June 9, 2006, over ninety days later, Plaintiff's complaint was untimely, and will be dismissed.

### IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss will be granted.

An appropriate Order will issue.

```
July 5, 2007                          _____/s/_____
Alexandria, Virginia                          James C. Cacheris
                                      UNITED STATES DISTRICT COURT JUDGE
```