IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

```
PHILLIP L. COCHRAN,         )
                            )
    Plaintiff,              )
                            )
        v.                  )
                            )    1:06cv1328 (JCC)
ERIC H. HOLDER,             )
                            )
    Defendant.              )
```

## **M E M O R A N D U M   O P I N I O N**

This case is before the Court on a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59, submitted by plaintiff Phillip L. Cochran ("Cochran" or the "Plaintiff") on March 3, 2010. [Dkt. 73.] As is explained more fully below, the Court will treat Plaintiff's Motion as a Rule 60(b) Motion for Relief from Judgment. For the following reasons, the Court will deny Plaintiff's Motion.

### **I. Background**

This case arises out of a federal employee's claim of disability discrimination pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq*. The Plaintiff alleged two counts of employment discrimination on the basis of his hearing loss. Count I, "Constructive Discharge," alleged that the Plaintiff's voluntary retirement from the United States Marshals Service

1

(the "USMS") constituted a constructive discharge because the USMS "terminat[ed] him solely because of his disability and/or perceived disability" (namely, his inability to meet the required hearing standards of the USMS) and because the USMS failed to provide him with a reasonable accommodation in lieu of retirement. (Compl. ¶¶ 30-35.) Count II, "Refusal to Reinstate," alleged that, during the Plaintiff's attempt to obtain reinstatement to the USMS two years later, the USMS "refused to reinstate Plaintiff" due to his hearing loss and failed to provide Plaintiff with a reasonable accommodation. (Compl. ¶¶ 36-40.) On February 1, 2010, this Court granted summary judgment in favor of the Defendant as to both counts. The undisputed facts relevant to that decision are summarized in this Court's Memorandum Opinion of February 1, 2010 (the "Mem. Op."). [Dkt. 71.]

After requesting and receiving several extensions of time, the Government filed its timely opposition to the Motion for Reconsideration at issue here (the "Opposition") on March 31, 2010. [Dkt. 80.] In that Opposition, the Government noted that Plaintiff's Motion for Reconsideration was untimely and in violation of local rules based on its length. (*See* Def.'s Opp. to Pl.'s Mot. for Reconsideration (the "Opp.") 2-5.) In Plaintiff's reply brief filed on April 12, 2010 (the "Reply"), Plaintiff acknowledged that the Rule 59 Motion for

Reconsideration was untimely and asked the Court to consider the Motion as a Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b). (*See* Pl.'s Reply to Opp. ("Reply") at 1-2.) A waiver of hearing on the Motion was filed on March 12, 2010. [Dkt. 76.] Plaintiff has submitted two additional related filings on April 27, 2010: a motion for leave to file excess pages [Dkt. 86,] which was granted by this Court on May 11, 2010 [Dkt. 90,] and, a "Notice of Supplement" to what Plaintiff was then calling the "Motion for Reconsideration for Newly-Discovered Evidence." [Dkt. 85.] The Government responded to these filings on May 11, 2010. [Dkt. 89.]

The parties have also engaged in motion practice regarding the Plaintiff's Notice of Appeal. After the deadline for filing a notice of appeal had passed, Plaintiff filed a Motion for Leave for an Extension of Time to File Notice of Appeal on April 12, 2010. [Dkt. 81.] After briefing and a hearing on the matter on May 13, 2010, this Court granted Plaintiff's Motion for an Extension of Time to file Notice of Appeal. [*See* Dkts. 92-93.] Plaintiff promptly filed a Notice of Appeal on May 13, 2010. [Dkt. 91.] That appeal is currently pending. [*See* Dkt. 95.]

Although the Plaintiff's original motion was based on Rule 59, in his Reply the Plaintiff specifically requests relief under Rule 60(b) and addresses the requirements necessary to

obtain relief under Rule 60(b) in that brief.  (*See* Reply at 1-2.)  Rule 60(b) is not addressed in Plaintiff's original motion. [*See* Dkt. 73.]  The Government's March 31, 2010 Opposition offered two arguments.  It opposed Plaintiff's Rule 59 Motion for Reconsideration, and it offered an alternative opposition to a potential Rule 60(b) argument in the event this Court should choose to treat the Motion as a Rule 60(b) Motion.  [*See* Opp. at 7-11.]  The Court notes that the Government chose not to file a Motion for Leave to File a Sur-Reply to address Plaintiff's ultimate request that the Court treat his motion as one made under Rule 60(b).  Upon Plaintiff's request, and as the Government has had an opportunity to offer argument on the relevant issues, this Court will consider Plaintiff's Rule 59 Motion for Reconsideration as a Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b).[1]  The Rule 60(b) Motion is before the Court.

## II. Standard of Review

A party seeking relief under Rule 60(b) must cross an "initial threshold," showing "'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'"  *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.,* 993 F.2d 46, 48 (4th Cir. 1993)(quoting *Werner*

---

[1] *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (treating a late filed "Motion to Reconsider" filed pursuant to Rule 59(e) as a Rule 60(b) Motion).

4

*v. Carbo,* 731 F.2d 204, 207 (4th Cir. 1984)). Once the movant has cleared this threshold, he must then satisfy at least one of the six grounds for relief provided in Rule 60(b):

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . .; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "When making a motion under Rule 60(b), the party moving for relief must clearly establish the grounds therefore to the satisfaction of the district court . . . and such grounds must be clearly substantiated by adequate proof." *In re Burnley,* 988 F.2d 1, 3 (4th Cir. 1992) (internal citations and quotations omitted). A Rule 60(b) motion may not be used to request "reconsideration of legal issues already addressed in an earlier ruling." *CNF Constructors, Inc. v. Donohoe Const. Co.,* 57 F.3d 395, 401 (4th Cir. 1995); *see also, United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982) (holding that "Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue").

### III. Analysis

It is a well established principle that "an appeal divests a trial court of jurisdiction over 'those aspects of the case involved in the appeal.'" *Fobian v. Storage Technology*

5

*Corp.*, 164 F.3d 887, 890 (4th Cir. 1999) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). In that case, the Fourth Circuit specifically addressed the circumstances under which a district court retains jurisdiction to address a Rule 60(b) motion during the pendency of an appeal. *Id.* The Fourth Circuit found that there is an exception to the *Griggs* rule whereby "a district court retains jurisdiction over matters 'in aid of the appeal.'" *Id.* at 890. The court then found that within this narrow exception, a "district court's consideration of a Rule 60(b) motion while an appeal from the underlying judgment is pending" is considered a matter that is "in aid of the appeal." *Id.* (citations omitted). This Court thus properly has jurisdiction over Plaintiff's Rule 60(b) Motion.[2]

In order to meet the threshold requirements for bringing a Rule 60(b) motion as enunciated in *Dowell,* a plaintiff must show "'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" *Dowell,* 993 F. 2d at 48. In considering what constitutes a "meritorious defense" in the context of a Rule 60(b) motion for relief from default judgment, the Fourth Circuit found that "a meritorious defense requires a proffer of

---

[2] If the Plaintiff had not requested that his motion be treated as a Rule 60(b) motion, this Court still would not have jurisdiction to hear the Rule 59 motion after Plaintiff noticed his appeal. *See Griggs,* 459 U.S. at 58.

6

evidence which would permit a finding for the defaulting party . . . ." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) (citing *Central Operating Co. v. Utility Workers of America,* 491 F.2d 245, 252 n.8 (4th Cir. 1974)).  Plaintiff argues that he has a "meritorious claim" by expanding, rehashing and restating the same arguments advanced at the summary judgment stage.  (Reply at 3-15.)  As stated above, a Rule 60(b) motion may not be used to request "reconsideration of legal issues already addressed in an earlier ruling."  *CNF Constructors, Inc.*, 57 F.3d at 401.  This Court has already found that, based on the evidence presented during summary judgment, no reasonable jury could find that Plaintiff was a "qualified individual" with a "disability" within the meaning of the Rehabilitation Act.  (*See* Mem. Op. at 20.)  These arguments have been adjudicated and appealed and are currently pending before the Fourth Circuit.  [*See* Dkt. 95.]  After reviewing the briefing here, this Court finds that the Plaintiff's arguments have no more merit now than they did then.

Nor has Plaintiff demonstrated the presence of "exceptional circumstances" necessary to meet the *Dowell* threshold.  In his Reply, Plaintiff attempts to make this showing by arguing that "Plaintiff failed to present facts and evidence that were critical to the litigation causing the initial judgment to be manifestly unjust."  (Reply at 16.)

Specifically, the Reply points to two documents that were not a part of Plaintiff's summary judgment briefing - both letters sent in 1995 from the Office of Workers' Compensation Programs ("OWCP") to the Plaintiff.[3] (*See* Mot. Ex. 20 & 22; Reply at 16.) A party that "has not presented known facts helpful to its cause when it had the chance cannot ordinarily avail itself of Rule 60(b) after an adverse judgment has been handed down." *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980). As the Fourth Circuit has found, "Rule 60(b) is intended to protect parties neither from their lawyers' own negligence, (see *Counts v. Wang Labs., Inc. (In re Va. Information Sys. Corp.),* 932 F.2d 338, 342 (4th Cir. 1991); *see also Lomas & Nettleton Co. v. Wiseley,* 884 F.2d 965, 971 (7th Cir. 1989)), nor from the undesirable results that flow from a poorly chosen litigation strategy." *American Lifeguard Ass'n, Inc. v. American Red Cross*, 21 F.3d 421 (4th Cir. 1994) (citing

---

[3] This Court notes that Plaintiff's "Notice of Supplement" includes an additional "exhibit" that was allegedly not received by Plaintiff until April 20, 2010. The Plaintiff then argues that he was not able to include this document in his summary judgment briefing. [*See* Dkt. 85.] Plaintiff never sought this Court's permission to file supplemental briefing or exhibits. In addition, the Plaintiff's "supplement" contains no proffer of extrinsic evidence to support the proposition that the exhibit was "newly discovered" or "with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b) . . . ." Fed. R. Civ. P. 60(b)(2). Finally, Plaintiff's supplemental exhibit and argument relate to this Court's alternative holding regarding the existence of a "business necessity" defense for Defendant's hearing standards. [*See* Dkt. 89.] Plaintiff's Notice of Supplement argues that the exhibit undermines some of the case law supporting this alternate finding. [*See* Dkt. 85.] A Rule 60(b) motion, however, may not be used to request "reconsideration of legal issues already addressed in an earlier ruling." *CNF Constructors, Inc.,* 57 F.3d at 401. For all these reasons, Plaintiff's "Notice of Supplement" is not a persuasive part of his Rule 60(b) motion.

*Ackermann,* 340 U.S. at 198 (holding that "petitioner cannot be relieved of such a choice because hindsight seems to indicate to him that his decision . . . was probably wrong")). In *American Lifeguard Ass'n*, the Fourth Circuit found that a plaintiff's decision to voluntarily dismiss two separate but related suits in order to avoid an adverse ruling on a motion to dismiss did not constitute the "exceptional circumstances" necessary for a successful Rule 60(b) motion. *Id.* Similarly, the Plaintiff here decided not to submit the documents at issue as part of his summary judgment briefing. While no explanation is given as to why this determination was made, either through negligence or tactical decision, Plaintiff's failure to submit these documents does not constitute the "exceptional circumstances" necessary to meet the *Dowell* threshold.

Even assuming *arguendo* that Plaintiff has met the *Dowell* threshold to properly assert a Rule 60(b) motion, Plaintiff has failed to demonstrate a valid Rule 60(b) claim. While Plaintiff has not identified what specific provisions of Rule 60(b) he is proceeding under, it appears that Plaintiff is proceeding under Rule 60(b)(2) for "newly-discovered evidence" and Rule 60(b)(6), the catch-all provision of Rule 60(b). *See Fattahi v. ATF,* 195 F. Supp. 2d 745, 748 n.6 (E.D. Va. 2002).

Rule 60(b)(2) states that "the court may relieve a party or its legal representative from a final judgment [or]

order [for] . . . newly-discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b) . . . ." Fed. R. Civ. P. 60(b)(2). According to Plaintiff the "most important . . . newly discovered" evidence here are the two OWCP letters sent to Plaintiff in 1995. (*See* Mot. Ex. 20 & 22; Reply at 16.) Plaintiff has made no showing that the two letters were "newly discovered" or that, with reasonable diligence, they could not have been discovered in time for inclusion either the Plaintiff's in summary judgment briefing or a timely Rule 59 Motion.[4] Without making such a showing Plaintiff cannot successfully mount a Rule 60(b)(2) claim.[5]

This leaves Plaintiff with only the "catch-all provision" – Rule 60(b)(6). *Fattahi*, 195 F. Supp. 2d at 748 n.6. While a Court may relieve a party from a final judgment under Rule 60(b)(6) for "any other reason that justifies relief" (Fed. R. Civ. P. 60(b)(6)), such a motion "may not be granted absent 'extraordinary circumstances.'" *Reid v. Angelone*, 369 F.3d 363, 379 (4th Cir. 2004) (citations omitted). In the

---

[4] This applies equally to the exhibit submitted as part of Plaintiff's Notice of Supplement. [*See* Dkt. 85.] The Notice of Supplement contains no explanation as to why the document was not discovered, or why, with reasonable diligence, it could not have been discovered in time to file a Rule 59 motion.

[5] "The moving party may not simply *claim* that he or she has been diligent in obtaining evidence . . . [he] must present *facts* that show why he or she was unable to present the evidence that provides the basis for the motion either in time for use at trial or in time for filing a motion for new trial." *Id.* (emphasis in original), 12 Moore's Federal Practice § 60.42[5], at 60-130 (2009).

Fourth Circuit, not even a "change in the decisional law on which the district court based its decision to grant [Defendant's] motion for summary judgment," a change stemming from the Fourth Circuit's "decision to vacate and remand the grant of summary judgment as to the party in [a] related appeal, [is] sufficient to establish "extraordinary circumstances" under Rule 60(b)(6)." *Wadley v. Equifax Information Services, LLC.*, 296 Fed. Appx. 366, 369 (4th Cir. 2008) (citing *Dowell*, 993 F.2d at 48 (affirming denial of Rule 60(b)(6) motion where basis for relief was subsequent change in law)). Plaintiff argues that "extraordinary circumstances" exist here based on Plaintiff's own failure "to present facts and evidence that were critical to the litigation causing the initial judgment to be manifestly unjust." (Reply at 15-16.) The Plaintiff's decision not to submit those exhibits during summary judgment briefing does not provide a basis for relief under Rule 60(b)(6). *See Wadley*, 296 Fed. Appx. at 369 (holding that "strategic decisions made during the course of litigation provide no basis for relief under 60(b)(6).") The Plaintiff's Rule 60(b) motion fails.

## III. Conclusion

For these reasons the Court will deny Plaintiff's Motion for Relief from Judgment.

An appropriate Order will issue.

June 4, 2010  
Alexandria, Virginia

/s/  
James C. Cacheris  
UNITED STATES DISTRICT COURT JUDGE